UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

HERBERT BENDER,

Defendant.

Case No. 20cr248 (CKK-ZMF)

**ORDER**
(June **12**, 2026)

This case was referred by the undersigned to Magistrate Judge Zia M. Faruqui for a hearing on the violations of Defendant Herbert Bender's supervised release and a Report and Recommendation. *See* Referral Order, ECF No. 34. Mr. Bender's violations of supervision involved assaulting a police officer on June 14, 2024, failing to notify his Probation Officer of the related arrest, repeatedly using controlled substances, and failing to attend substance abuse treatment. *See* Probation Petition, ECF No. 33. Magistrate Judge Faruqui conducted multiple hearings involving Mr. Bender, his counsel, the Government, and the Probation Office, *inter alia*, to monitor Defendant's compliance with substance abuse treatment and his progress with job training. *See* docket entries for July 15, July 29, August 12, and October 21, 2024 (all indicating Mr. Bender's progress). In his Report and Recommendation, Magistrate Judge Faruqui notes that, at the January 8, 2025 status hearing, "the Probation Office reported mixed results with Defendant's progress" insofar as Defendant had returned a positive urinalysis test in mid-November, but a negative one in early December, and he had not reported an arrest for having an

1

open container of alcohol.  Report and Recommendation, ECF No. 46, at 2.[1]  Defendant was instructed to file a status report by July 1, 2025.

On or about June 6, 2025, Defendant was arrested for new criminal conduct involving possession of a firearm during a crime of violence and assault with a dangerous weapon.  *See* Probation Petitions, ECF Nos. 37, 38.  Because this case had previously been referred to Magistrate Judge Faruqui, the Court noted that these additional violations were to be considered as part of that referral.  *See* June 23, 2025 Minute Order.  By means of a Status Report filed on June 30, 2025, the Government indicated that Defendant had entered a guilty plea on charges of Unlawful Possession of Firearm (Prior Conviction) and Engagement with a Firearm (Public Place), in the Superior Court of the District of Columbia.  *See* ECF No. 40.  On August 26, 2025 Mr. Bender was sentenced to 27 months of incarceration and three years of supervised release.  Report and Recommendation, ECF no. 46, at 3-4 (internal citation omitted).

Magistrate Judge Faruqui held a status hearing on September 8, 2025, and he held a final revocation hearing on November 19, 2025.  In his May 22, 2026 Report and Recommendation, Magistrate Judge Faruqui notes that the Probation Office and the Government requested a sentence of 24 months, with no additional period of supervision, while the Defendant asked for leniency based on his claim of self-defense.  Report and Recommendation, ECF No. 46, at 4.  After thoroughly considering the factors set forth in 18 U.S.C. §2553(a) and the entire record in this case, Magistrate Judge Faruqui recommended: "a finding that the Defendant violated his conditions of release as stated in the July 1, 2024, January 8, 2025, and June 20, 2025 petitions

---

[1] This case was dismissed on February 4, 2025.  Report and Recommendation, ECF No. 46, at 3 n 2.

and a sentence of 10 months of incarceration followed by no additional period of supervised release." *Id.* at 8.  Magistrate Judge Faruqui recommended that "[s]uch sentence should be served consecutively to [Defendant's] D.C. Superior Court sentence" which would subject Defendant to a total of 37 months of imprisonment, which would "fall at the high end of the guideline range for a Grade A violation (*i.e.*, 30-37 months)" and would be equivalent to a "37-month concurrent sentence." *Id.*

The parties filed no objections to the Report and Recommendation.  Accordingly, it is this _12_ day of June, 2026,

**ORDERED** that the [46] Report and Recommendation is hereby ADOPTED.  A Judgment on Revocation will be issued indicating that Defendant Herbert Bender is sentenced to 10 months of incarceration, to be served consecutive to his D.C. Superior Court sentence, with no additional term of supervised release to follow.

COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

3